36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael C. LEE, Plaintiff-Appellant,
v.
AIR PRODUCTS & CHEMICALS, INCORPORATED, Defendant-Appellee.
 No. 94-1119.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1994.
Decided Sept. 27, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. William M. Catoe, Jr., Magistrate Judge. (CA-92-1442)
 Argued: Kenneth Lendren Childs, Childs & Duff, PA, Columbia, SC, for appellant.
 Jennifer Susan Goldstein, Office of General Counsel, EEOC, Washington, DC, for Amicus Curiae.
 Francis M. Milone, Morgan, Lewis & Bockius, Philadelphia, PA, for appellee.
 On brief: David T. Duff, Andrea E. White, Childs & Duff, PA, Columbia, SC; Gregory S. Forman, Charleston, SC, for appellant.
 James R. Neely, Jr., Deputy General Counsel, Gwendolyn Young Reams, Asst. Gen. Counsel, Lorraine C. Davis, Asst. Gen. Counsel, Office of General Counsel, EEOC, Washington, DC, for Amicus Curiae.
 Michele A. Murphy, Morgan, Lewis & Bockius, Philadelphia, PA; Louis A. Sonzogni, Jr., Air Products and Chemicals, Inc., Allentown, PA, for appellee.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Lee filed this action against Air Products and Chemicals, Inc. (APCI) for, inter alia, age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq.
 
 
 2
 Lee went to work for APCI in 1975 and was employed by that company for nearly 16 years. In 1988 (when he was 48 years old), Lee was transferred from Pennsylvania to manage an APCI plant in South Carolina. Beginning with his 1989 performance evaluation, Lee felt APCI was attempting to build a "paper trail" against him to justify his termination. JA 51-52. On May 31, 1990, APCI told Lee that his South Carolina position was being eliminated and that if he did not find another internal position with APCI by October 1, 1990, he would have to look for a job outside the company. Lee was told that prospects for internal employment were not too promising. When Lee expressed concern that he was being forced out, an APCI official assured him that "if we wanted [you] out, we would have told [you] so...." JA 447. Lee claims that he was qualified for subsequent job openings in APCI but that he was not permitted to interview. On December 17, 1990, APCI formally asked Lee to leave the company.
 
 
 3
 On August 2, 1991, Lee filed a charge of age discrimination against APCI with the South Carolina Human Affairs Commission. The charge was cross-filed with the Equal Employment Opportunity Commission on August 27, 1991. On December 30, 1991, the EEOC notified Lee that it had found no reasonable cause to suggest that he had been discriminated against and informed him of his right to bring a lawsuit against APCI. Lee then filed this civil action on May 14, 1992. With the parties' consent, the case was referred to a magistrate judge for all proceedings. The magistrate judge granted APCI summary judgment on the ADEA claims and dismissed the remaining claims without prejudice. The judge entered an amended summary judgment order on November 29, 1993, and denied Lee's motion for reconsideration on December 17, 1993. Lee then took a direct appeal to this court.
 
 
 4
 The magistrate judge "granted [APCI's] motion for summary judgment on the ground that [Lee] failed to file his [administrative] charge of discrimination within 300 days of the date 'the alleged unlawful practice occurred.' 29 U.S.C. Sec. 626(d)(2)." JA 488. After reviewing the magistrate judge's orders, considering the record and the briefs submitted by the parties, and hearing oral argument, we do not find any error in the proceedings below. Accordingly, we affirm substantially on the magistrate judge's reasoning in the November 29, 1993, amended order granting summary judgment and the December 17, 1993, order denying Lee's motion to amend the judgment. Lee v. Air Prods. & Chems., Inc., Civ. Action No. 6:92-1442-3AK (D.S.C. Nov.29, 1993, and Dec. 17, 1993).*
 
 
 5
 AFFIRMED.
 
 
 
 *
 After concluding that Lee's ADEA claims were time-barred by the 300-day limitations period in 29 U.S.C. Sec. 626(d)(2), the magistrate judge went on to consider whether Sec. 626(e)'s 90-day period for civil action filing also applied as a bar to Lee's claims. (The 90-day provision was inserted in Sec. 626(e) as part of the Civil Rights Act of 1991.) Because we agree with the magistrate judge that Lee's claims are barred by Sec. 626(d)(2), we take no position on whetherSec. 626(e) applies